IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRODERICK DEMOND<br>WILLIAMS,<br>*also known as* B-Will,<br><br>**Defendant.** | CRIMINAL ACTION FILE<br><br>NO. 1:23-CR-125-MHC-RGV-7 |

## ORDER

This action comes before the Court on the February 6, 2025, Final Report and Recommendation ("R&R") of United States Magistrate Judge Russell G. Vineyard [Doc. 727] recommending that Defendant Broderick Demond Williams's Preliminary Motion to Suppress Evidence [Doc. 372] be denied. The Order for Service of the R&R [Doc. 729] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. No objections have been filed within the permitted time period.[1]

---

[1] Defendant Williams, who is now representing himself and has standby counsel [Docs. 569, 570], filed two "Notices" subsequent to the issuance of the R&R [Docs. 760, 761], which can only be described as fanciful documents with legal-

Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1). Based upon the absence of objections to the R&R, in accordance with 28 U.S.C. § 636(b)(1), the Court has reviewed the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). The Court finds no clear error and that the R&R is supported by law.

Accordingly, the Court **ADOPTS** the R&R [Doc. 727] as the Opinion and Order of the Court. It is hereby **ORDERED** that Defendant Broderick Demond Williams's Preliminary Motion to Suppress Evidence [Doc. 372] is **DENIED**.

It is further **ORDERED** that the time between the date the Magistrate Judge certified Defendant Williams ready for trial on February 7, 2025, and the date that final orders on his co-Defendants' pre-trial motions are issued shall be excluded in

---

sounding but meaningless verbiage commonly used by adherents to the so-called "sovereign citizen" movement. See United States v. Sterling, 738 F.3d 228, 233 (11th Cir. 2013) ("The phrases Sterling repeated are often used by so-called 'sovereign citizens,' who believe they are not subject to the jurisdiction of the courts and who frequently deny that they are the defendants in the action, instead referring to themselves as third-party intervenors, as Sterling does here. Courts have been confronted repeatedly by their attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous." (collecting cases)).

calculating the date on which the trial of this case must commence under the Speedy Trial Act, in accordance with 18 U.S.C. § 3161(h)(6).[2]

**IT IS SO ORDERED** this 18th day of March, 2025.

_____
MARK H. COHEN
United States District Judge

---

[2] Co-Defendants Alexavier Negron, Dresten Toron Daniels, and Kory Keon Solomon still have pending Magistrate Judge's Reports and Recommendations to which objections and responses have been or will be filed, and the Speedy Trial clock will not resume for Defendant Williams and other Defendants still awaiting trial until final orders on those R&Rs have been filed.